UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 1:08-CV-00046 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is a motion entitled "Exercise Jurisdiction/Reconsideration for Counsel" filed by *pro* se Plaintiff Anthony C. Martin. In his motion, Martin requests that the Court reconsider its July 1, 2008, Opinion and Order ("Order") (Docket # 23), denying his request for the appointment of counsel in this case (Docket # 19). For the reasons set forth herein, Martin's motion to reconsider will be DENIED.

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70. In that same vein, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard

during

the pendency of the previous motion." *Id.*

In his motion, Martin asserts that one piece of information that this Court relied on in denying his motion – that is, that he attended college-level classes – was inaccurate. He explains that though the administrative record states that he took music classes at Ivy Tech, he has not done so. In addition, he argues that his psychological impairment "should have been t[a]ken into consideration" by the Court. (Docket # 25.)

Even if Martin has not taken college-level classes, no "manifest error of law or fact" was committed in denying his request for counsel. As stated in the Order, this suit is a relatively straightforward appeal of a denial of disability benefits under the Social Security Act, which "by nature is not unduly complex." *Kirkpatrick v. Astrue*, No. 08-0407, 2008 WL 879407, at *1 (W.D. La. Mar. 31, 2008); *see also Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2 (S.D.N.Y. 2003); *Bara v. U.S. Comm'r of Soc. Sec.*, No. 98 C 1112, 1998 WL 135606, at *2 (N.D. Ill. Mar. 11, 1998). Martin has already adequately articulated his claims in this case, sought relief through various motions, filed his opening brief, and represented himself at the administrative level of the proceedings, which included testifying at a hearing before the administrative law judge. (*See, e.g.*, Docket # 1, 2, 15, 18, 19, 22, 24.) As to Martin's argument that his psychological impairment should have been taken into consideration, it is particularly misplaced, as the Court did indeed consider his mental health history when making its decision. (*See* Order at 3.)

Moreover, as emphasized in the Order, Martin is an experienced *pro se* litigator, as he has represented himself before this Court in another case. *See Martin v. Smith,* No. 1:04-cv-

00450 (N.D. Ind. Nov. 21, 2005). He is not presently incarcerated and thus has the freedom to perform his own research. On that front, the facts of the case are already articulated in the administrative record; therefore, the task of developing the record is not at issue.

For the foregoing reasons, Martin's motion for reconsideration of the denial of his request for counsel (Docket # 25) is DENIED.[1]

Enter for this 12th day of August, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Martin states in his motion: "The Plaintiff voluntarily gives his consent to the Courts and [r]espectfully ask[s] the court to exercise [its] jurisdiction in the above case." (Docket # 25.) We do not know if Martin is attempting to consent to the Magistrate Judge by making this statement; therefore, the Clerk is directed to send him another Magistrate Judge consent form (*see* Docket # 17) along with a copy of this Opinion and Order, so that Martin can sign and return the form if he desires to consent to the Magistrate Judge's jurisdiction.